**EDWARD BLANKSTEIN, INC.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 79–2454.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) May 19, 1980.

Decided June 26, 1980.

Donald C. Moss, Battle, Fowler, Jaffin, Pierce & Kheel, New York City, for petitioner.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Andrew F. Tranovich, Morton Namrow, Attys., N. L. R. B., Washington, D. C., for respondent.

Before SEITZ, Chief Judge, and GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Edward Blankstein, Inc. (Employer) petitions for review and the National Labor Relations Board (Board) asks us to enforce an order of the Board finding the Employer guilty of violating Section 8(a)(1) of the National Labor Relations Act by constructively discharging employee Pollack for engaging in the protected, concerted activity of attempting to obtain a group health insurance plan for the Company's employees. 245 NLRB No. 122 (1979).

The Employer asks us to grant review and deny enforcement on three grounds:

1. There was no substantial evidence on the record as a whole to support the Board's finding that Pollack was engaged in concerted activity.

2. There was no substantial evidence on the record as a whole to support the Board's finding that Pollack was an employee as opposed to being an independent contractor.

3. There was no substantial evidence on the record as a whole to support the Board's finding that Pollack was discharged.

First, consolidating contentions (2) and (3), we are satisfied that although the evidence does not all point in one direction, there is substantial evidence in the record as a whole to support the Board's determination that Pollack was an employee within the meaning of the National Labor Relations Act and that the termination of her employment constituted a discharge.

Next, the Employer vigorously contends that Pollack's activity was not "concerted" within the meaning of the Act. In *Mushroom Transportation Co. v. NLRB*, 330 F.2d 683, 685 (3d Cir. 1964), we held that to qualify as concerted activity "it must appear at the very least that [the conduct] was engaged in with the object of initiating or inducing or preparing for group action or that it had some relation to group action in the interest of the employees." The concerted activity requirement is basically a factual inquiry. The issue before the Board was whether, as the Employer contended, the dispute involved a single employee, *NLRB v. Northern Metal Co.*, 440 F.2d 881 (3d Cir. 1971), or whether, as the Board later decided, Pollack was pursuing a group goal.

The Administrative Law Judge whose rulings, findings and conclusions were affirmed by the Board, found that Pollack was engaged in concerted activity because she pursued the joint goal of obtaining a

group health insurance plan for herself and other employees. The evidence shows that she discussed the matter with Mr. Blankstein, president of Employer, who made it clear that he opposed such a plan. He cautioned her against using pressure on other employees to sign up for group coverage.

Despite Blankstein's caution, Pollack canvassed the full-time employees and learned that many were interested in a group plan. She conveyed her findings to Blankstein and also advised him that she had contacted various insurance companies. She learned that 80% of the employees had to sign in order to qualify for group coverage. Pollack went around the facility during working hours and contacted employees who were interested in group coverage.[1] She filled out forms she had obtained from Blue Cross and Blue Shield with personal information supplied by those employees. She also sent each of them a memorandum on group insurance coverage. In an incident prior to her discharge, Blankstein accused Pollack of applying coercion as the only way she could generate 80% approval for health coverage.

Although it is clear that Pollack was interested in health coverage for herself, it is equally clear that she was, to her Employer's knowledge, vigorously involved with other full-time employees in seeking group coverage from Employer. Although she was the leader in the movement, we are satisfied that there was substantial evidence on the record as a whole to warrant the Board's finding that Pollack was engaged in protected, concerted activity with the other full-time employees with respect to the goal of obtaining group health insurance coverage from Employer.

The petition for review will be denied and the Board's cross-appeal for enforcement of its order will be granted.

1. Other unchallenged testimony not explicitly alluded to by the Board is equally compelling in favor of the finding of concerted activity. Thus, Pollack testified:

> Quite a few of the employees were interested in joining such a plan, and they approached me, and I showed them the book

> that I was sent by Blue Cross and Blue Shield.
>
> At that point I called up the Blue Cross and Blue Shield representative and said, many people are interested in the plan. What do I do next?